UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NICKA SEWELL-SMITH,

Plaintiff,

v.

NATIONAL ARCHIVES AND RECORDS
ADMINISTRATION,

Defendant.

Civil Action No. 24-1239 (JEB)

## ANSWER

Defendant National Archives and Records Administration ("NARA"), by and through undersigned counsel, hereby answers the Complaint (ECF No. 1) filed by Plaintiff Nicka Sewell-Smith in this Freedom of Information Act ("FOIA") action.

All allegations in the Complaint, including the relief sought, are denied except when specifically admitted.  To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant respectfully refers this Court to those materials for a complete and accurate statement of their contents and denies any allegations inconsistent therewith; such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

In answer to the Complaint, Defendant admits, denies, or otherwise avers as follows:

1.      This paragraph does not contain allegations of fact but rather Plaintiff's characterization of the present action, to which no response is required. To the extent that a response is deemed required, Defendant admits that Plaintiff purports to bring this action pursuant

to the FOIA but otherwise denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## PARTIES[1]

2.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3.      Defendant admits it is an "agency," as defined in 5 U.S.C. § 552(f)(1), and subject to FOIA.

## JURISDICTION AND VENUE

4.      This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required.  To the extent that a response is deemed required, Defendant admits that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms, conditions, and limitations of FOIA.

5.      This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required.  To the extent that a response is deemed required, Defendant admits only that venue is proper in this judicial district.

## MAY 6, 2019, FOIA REQUEST TO NARA

6.      Defendant admits that it received a FOIA request from Plaintiff on May 16, 2019. The rest of this paragraph does not contain allegations of fact but rather purports to provide an excerpt of the FOIA request, which speaks for itself and is the best evidence of its contents.

---

[1]      For ease of reference only, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

7.     Defendant admits that it received a FOIA request from Plaintiff on May 16, 2019, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

8.     Defendant admits that on May 22, 2019, it acknowledged receipt of Plaintiff's FOIA request and assigned a Request Number. The rest of this paragraph purports to describe and characterize Defendant's correspondence to Plaintiff, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

9.     Defendant admits that on May 22, 2019, it acknowledged receipt of Plaintiff's FOIA request and assigned a Request Number, which correspondence speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

10.     Defendant admits that it received an email from Plaintiff on January 18, 2024. The rest of this paragraph purports to characterize this email, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

11.     Defendant admits that it sent an email to Plaintiff on January 22, 2024. The rest of this paragraph purports to provide an excerpt from this email, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12.     Defendant admits that it sent an email to Plaintiff on January 22, 2024, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

13.     Defendant admits that, as of the date of the Complaint, it had not yet issued a final determination in response to Plaintiff's request.

14.     Defendant admits that, as of the date of the Complaint, it had not yet issued a final determination in response to Plaintiff's request.

15.     Defendant admits that, as of the date of the Complaint, it had not yet issued a final determination in response to Plaintiff's request.

## COUNT I

16.     Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

17.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

18.     Defendant admits it is an "agency," as defined in 5 U.S.C. § 552(f)(1), and subject to FOIA.

19.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

20.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

21.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

22.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the statements in this paragraph.

## REQUESTED RELIEF

The remaining paragraphs of the Complaint constitute Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## <u>DEFENSES</u>

In further response to the Complaint, Defendant raises the following defenses. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.

## FIRST DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions or exclusions to the FOIA.

## SECOND DEFENSE

The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

Dated: May 31, 2024
        Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____ */s/ Christina O'Tousa* _____
        CHRISTINA O'TOUSA, D.C. Bar #241667
        Assistant United States Attorney
        601 D Street, NW
        Washington, DC 20530
        (202) 252-2437
        christina.o'tousa@usdoj.gov

*Attorneys for the United States of America*